**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**FORT WORTH DIVISION**

| | | |
|---|---|---|
| **REED K. BILZ, ET AL.,** | § | |
| | § | |
| **Plaintiffs,** | § | |
| | § | |
| **v.** | § | **Civil Action No. 4:26-CV-01149-O** |
| | § | |
| **TIM O'HARE, ET AL.,** | § | |
| | § | |
| **Defendants.** | § | |

**OPINION AND ORDER**

Before the Court are Plaintiffs' Motion for a Preliminary Injunction, Brief, and Appendix in Support (ECF Nos. 7–9), filed on September 28, 2026; Defendants' Response (ECF No. 16), filed on October 23, 2026; and Plaintiffs' Reply (ECF No. 17), filed on October 30, 2026. Having reviewed the briefing and relevant caselaw, the Court finds that Plaintiff's Preliminary Injunction (ECF No.7) is **GRANTED** in part (ECF No. 5).

## I. BACKGROUND[1]

This case arises from Tarrant County's (the "County") Rules of Decorum for Commissioners County meetings ("Decorum Rules"). These rules, enacted on February 1, 2025, function to ensure safety of the public, maximize citizen participation, and to maintain respectful decorum during meetings.[2] Relevant to this action, the Decorum Rules prohibit "[p]ersonal attacks, impertinent, profane, obscene, or slanderous remarks . . . [and] threatening, disruptive, or unruly behavior."[3] The Rules grant County Judge Tim O'Hare authority to administer the Rules.

[1] Unless otherwise cited, the Court's recitation of the facts is taken from Plaintiffs' Complaint. *See* Pls.' Compl., ECF No. 1.
[2] Pls.' App. Supp. Mot. Prelim. Injunction, Ex. 1 (Tarrant County Commissioners Court Decorum Rules), App. 001–005, ECF No. 9-1.
[3] *Id.*

Reed K. Bilz, Katherine E. Godby, Elizabeth D. Miller, and Karla L. Palomares ("Plaintiffs") bring this action against Defendants, Tim O'Hare, Tarrant County Judge and presiding officer of the County's Commissioners Court, and Tarrant County. Plaintiffs regularly attend County meetings and have voiced opinions at these meetings. They claim the County's Decorum Rules chilled their speech. Plaintiffs have witnessed removal of various individuals from meetings for allegedly violating the Rules.

On September 21, 2026, Plaintiffs filed a complaint in this Court seeking declaratory and injunctive relief, asking this Court to find the County's Decorum Rules facially unconstitutional under the First Amendment of the U.S. Constitution and under the Texas Constitution. Out of fear of violating the Rules and enforcement, on September 28, 2026, Plaintiffs moved to enjoin the County and Tim O'Hare from enforcing the Rules. The Parties have fully briefed the Motion for Preliminary Injunction, which is now ripe for this Court's review.

## II. LEGAL STANDARD

A preliminary injunction is an "extraordinary remedy" and only will be granted if the movant "clearly carried the burden of persuasion on all four requirements." *Bluefield Water Ass'n, Inc. v. City of Starkville, Miss.*, 577 F.3d 250, 253 (5th Cir. 2009). Issuing a preliminary injunction should be "the exception rather than the rule," *Miss. Power & Light Co. v. United Gas Pipe Line Co.*, 760 F.2d 618, 621 (5th Cir. 1985). "The decision to grant or deny a preliminary injunction is discretionary with the district court." *Id.* The Court will not issue a preliminary injunction unless the movant establishes: (1) a substantial likelihood of success on the merits; (2) a substantial threat of irreparable harm; (3) the balance of hardships weighs in the movant's favor; and (4) the issuance of the preliminary injunction will not disserve the public interest. *Daniels Health Sci., L.L.C. v. Vascular Health Scis., L.L.C.*, 710 F.3d 579, 582 (5th Cir. 2013). "Failure to sufficiently establish

any one of the four factors requires [the court] to deny the movant's request for a preliminary injunction." *City of Dallas v. Delta Airlines, Inc.*, 847 F.3d 279, 285 (5th Cir. 2017).

## III. ANALYSIS

Plaintiffs seek a Preliminary Injunction barring Tarrant County and Tim O'Hare from enforcing the Decorum Rules because they allege the Rules facially violate the First Amendment and Fourteenth Amendments of the U.S. Constitution and the Texas Constitution. Specifically, Plaintiffs request that Defendants O'Hare and Tarrant County be enjoined from enforcing the Tarrant County Commissioners Court Decorum Rules' provisions that (1) prohibit "[p]ersonal attacks, impertinent, profane, obscene, or slanderous remarks"; (2) prohibit "[t]hreating, disruptive, or unruly behavior"; (3) prohibit "[d]isruptive remarks or actions of approval or disapproval from the audience, such as feet stomping, snapping, whistling, yelling, clapping, verbal affirmation or rejection, or similar distractions"; and (4) give the "County Judge . . . the right to interrupt and/or excuse a speaker when the allocated time has expired, if the speaker otherwise violates these guidelines, or for any other matter at the discretion of the County Judge."

First, the Court addresses whether the claim for injunctive relief is appropriate against Tim O'Hare in his official capacity. Although discretionary, under Fifth Circuit precedent, a court will dismiss official capacity claims as duplicative when a plaintiff also names a governmental entity. *Quiroz v. Hernandez*, 167 F.4th 254, 266 (5th Cir. 2025) (citing *Kentucky v. Grahm*, 473 U.S. 159, 165 (1985) (suits against state officials in their official capacities are treated as suits against the state). Official capacity claims are just "another way of pleading an action against the entity of which an officer is an agent." *Id.* Because Tim O'Hare is an agent of the County, and the claims pleaded against him are "redundant echoes of the claims against" Tarrant County, the Court finds

this claim is **DISSMISSED** against Tim O'Hare. *Id.* The claims against Tarrant County remain and the Motion for Preliminary Injunction as to Tarrant County is addressed below.

### A. Likelihood of Success on the Merits

Plaintiff must demonstrate a substantial likelihood of success on the merits for a preliminary injunction to be granted. "To show a likelihood of success, the plaintiff must present a prima facie case, but need not prove that he is entitled to summary judgment." *Daniels Health*, 710 F.3d at 582. Plaintiffs' claim seeks to enjoin Tarrant County from enforcing various provisions of the Decorum Rules as violations of the First and Fourteenth Amendments. These claims are brought under 42 U.S.C. § 1983, allowing an individual to sue state or local officials who, acting under color of state law, violate constitutional rights. *Nieves v. Bartlett*, 587 U.S. 391, 396 (2019).

#### 1. "Impertinent" and "Slanderous" are unconstitutionally vague and overboard as utilized by the Tarrant County Decorum Rules.

Because the Policy utilizes terms like "personal," "impertinent," and "slanderous," Plaintiffs rely on *Merriott v. City of Bossier City* to argue the Policy is unconstitutionally vague.[4] 179 F.4th 393, 404 (5th Cir. 2026) (the words "personal, impertinent, and slanderous remarks" in the City of Bossier policy are unconstitutionally vague and overbroad). Plaintiffs allege that Tarrant County's Decorum Rules "prohibit[] speakers from uttering an infinite number of protected, relevant statements or questions."[5] *Id.* Under *Merriott*, the Fifth Circuit held that the term "impertinent" had no "limiting principle, [so] the provision effectively allow[ed] the City Council to decide which comments [were] permissible at whim." *Id.* at 405. Similarly, the term "slanderous" substantially chilled speech because various forms of slander against public officials are protected speech under the First Amendment. *Id.* (citing *New York Times Co. v. Sullivan*, 376

---

[4] Pl.'s Br. Mot. Prelim. Injunction 10, ECF No. 8.
[5] *Id.*

U.S. 254). Like the Policy in *Merriott*, Tarrant County's Decorum Rules fail to define the terms "impertinent" or "slanderous." Because these terms have no limiting principle as to their application, Plaintiff has established that the terms "slanderous" and "impertinent" are unconstitutionally overbroad and vague, and therefore likely to succeed on the merits as to those terms.

2. <u>Because the term "personal attacks" is distinguishable from "personal remarks," the limited public forum analysis controls.</u>

As for the term "personal attacks" from Tarrant County's Decorum Rules, Plaintiffs attempt to rely on *Merriott* once again.[6] But, *Merriott* evaluates the phrase "personal *remarks*" whereas the Decorum Rules at issue here state "personal *attacks*."[7] So, *Merriott* is inapplicable, and the Court evaluates this phrase under the limited public forum test.

The County may limit speech so long as it shows that the prohibition on speech is (1) viewpoint and content-neutral and (2) reasonable considering the forum's purpose. *Fairchild v. Liberty Indep. Sch. Dist.*, 597 F.3d 747, 758 (5th Cir. 2010). Defendant argues that "personal attacks" are irrelevant to County business.[8] The Court agrees. Personal attacks directly insult a person, rather than advance any "substantive ideas or procedures at issue." *Steinburg v. Chesterfield Cnty. Plan. Comm'n*, 527 F.3d 377, 380 (4th Cir. 2008). These County meetings serve to address County goals, objectives, and plans, so a limitation that advances "respectful decorum"[9] is "reasonable to preserve civility and decorum." *Id.* Therefore, Plaintiff failed to establish that a

[6] *Id.* at 13.
[7] Pls.' App. Supp. Mot. Prelim. Injunction, Ex. 1 (Tarrant County Commissioners Court Decorum Rules), App. 001–005, ECF No. 9-1.
[8] Defs.' Resp. Prelim. Injunction 9, ECF No. 16.
[9] Pls.' App. Supp. Mot. Prelim. Injunction, Ex. 1 (Tarrant County Commissioners Court Decorum Rules), App. 001–005, ECF No. 9-1.

restriction on "personal attacks" violates the First Amendment because this term is viewpoint and content-neutral and is reasonable considering the County Commissioner's Court's forum.

3. Regulation of profanity, obscenity, and threatening, disruptive, or unruly behavior are likely constitutional under the limited public forum analysis.

Plaintiff fails to provide evidence that the terms "profanity," "obscenity," "threatening, disruptive, or unruly behavior" will likely succeed on the merits. *Merriott* does not control because the opinion did not address these terms. So, the limited public forum test applies once again.

Profanity, as defined by *U.S. v. Hicks*, is considered offensive under contemporary standards. 980 F.2d 963, 970 n. 9 (5th Cir. 1992). For example, profanity includes offensive sexual or excretory speech. *Id.* So, any argument that profanity is overbroad fails because a narrow and limited set of terms falls under this definition. Applying the limited public forum test, the term "profanity" does not impose nor direct viewpoint discrimination, and Plaintiff offers no evidence to suggest otherwise. Next, the Court evaluates whether this policy serves the Commissioners Court's purpose. Because the County designed the rules to maintain respectful decorum, prohibiting the use of profanity is a reasonable subject-matter restriction on speech.

Like the prohibition on profanity, a prohibition on obscenity and obscene speech is likely constitutional. The Fifth Circuit has determined that limiting "obscene" speech is not unconstitutionally overbroad or vague. *U.S. v. New Orleans Book Mart, Inc.*, 490 F.2d 73, 75 (5th Cir. 1974) (citing *U.S. v. Orito*, 413 U.S.139 (1973)). While Plaintiffs argue that the Policy fails to "differentiate between *legal* obscenity and everyday obscenity," they offer no legal support to persuade this Court that such a distinction exists.[10] In fact, obscenity, as defined by *Miller v. California*, includes speech or expression that "appeals to the prurient interest." 413 U.S. 15, 24

[10] Pls.' Reply 9, ECF No. 16.

(1973). Thus, obscene material, speech, or expression are unprotected under the First Amendment, and the Policy's prohibition on obscene speech is likely constitutional.

Lastly, the Policy's prohibition on "threatening, disruptive, or unruly behavior" is likely constitutional because these prohibitions advance the Commissioners Court's purpose. Applying the limited public forum test, the terms "threatening, disruptive, [and] unruly behavior" are facially neutral. After establishing the first element, the Court turns to whether this limitation on speech advances the Commissioners Court's purpose. Such a restriction promotes efficient and orderly meetings. To ensure proper participation in the County's meetings, these rules are reasonable restrictions. *Wenthold v. City of Farmer's Branch, Tex.*, 2012 WL 467325 at *9 (N.D. Tex. 2012) (finding decorum rules prohibiting disruptive behavior constitutional), aff'd w/o opinion, 532 F. App'x 474 (5th Cir. 2013) (per curiam).

Having considered these terms, the Court finds that Plaintiffs have failed to meet their burden to demonstrate a likelihood of success on the merits. Accordingly, the Court **DENIES** Plaintiffs' request for preliminary injunctive relief as to the terms "profanity," "obscenity," and "threatening, disruptive, or unruly behavior."

4. Plaintiffs fail to demonstrate that the provision allowing the "County Judge . . . the right to interrupt and/or excuse a speaker when the allocated time has expired, if the speaker otherwise violates these guidelines, or for any other matter at the discretion of the County Judge" is applied in a viewpoint discriminatory manner.

Plaintiffs ask this Court to enjoin the County from giving the "County Judge . . . the right to interrupt and/or excuse a speaker when the allocated time has expired, if the speaker otherwise violates these guidelines, or for any other matter at the discretion of the County Judge."[11] Although Plaintiffs affidavits describe instances where various Plaintiffs observed individuals excused or

[11] Pls.' App. Supp. Mot. Prelim. Injunction, Ex. 1 (Tarrant County Commissioners Court Decorum Rules), App. 001–005, ECF No. 9-1.

interrupted at meetings by the County Judge, Plaintiffs fail to establish that the expulsion or interruption *was a result of* the County Judge's desire to silence opposition. Defendants, on the other hand, offer evidence to rebut Plaintiffs' contentions. For example, various recorded meetings show public comments, both in favor of and in opposition to the County Judge's opinion.[12] Since Plaintiffs' do not meet their burden, the Court **DENIES** Plaintiffs' Motion for Preliminary Injunction as to the provision allowing the "County Judge . . . the right to interrupt and/or excuse a speaker when the allocated time has expired, if the speaker otherwise violates these guidelines, or for any other matter at the discretion of the County Judge."

* * *

Because Plaintiffs failed to carry their burden with respect to "personal attacks," "profanity," "obscenity," "threating, disruptive or unruly behavior," and have not established that the County enforces its policy in a viewpoint discriminatory manner, the Court need not address the other three factors required for a preliminary injunction as to those specific provisions. *City of Dallas v. Delta Airlines, Inc.*, 847 F.3d 279, 285 (5th Cir. 2017) ("Failure to sufficiently establish any one of the four factors requires [the court] to deny the movant's request for a preliminary injunction."). The Court continues to address and analyze the irreparable harm, balance of the hardships, and public interest to determine whether a preliminary injunction should be entered as to the terms "slanderous" and "impertinent."

**B. Irreparable Harm**

Second, to be entitled to a TRO, Plaintiffs must demonstrate that they will suffer an irreparable injury. "In general, a harm is irreparable where there is no adequate remedy at law, such as monetary damages." *Janvey v. Alguire*, 647 F.3d 585, 600 (5th Cir. 2011) (citations

[12] Defs.' Br. Opp. Prelim. Injunction 11, ECF No. 17.

omitted). "The loss of First Amendment freedoms, for even minimal periods of time, unquestionably constitutes irreparable injury." *Elrod v. Burns*, 427 U.S. 347, 373 (1976) (plurality opinion); *Opulent Life Church v. City of Holly Springs*, 697 F.3d 279, 295 (5th Cir. 2012) (quoting *Elrod*). The County's enforcement of the Decorum Rules under the terms "slanderous" and "impertinent" will chill Plaintiffs' speech since no limiting principle applies. So, this factor favors Plaintiffs.

**C. Balance of Hardships**

Next, the Court considers the balance of hardships, which favors Plaintiffs. In the third factor for a preliminary injunction, "courts must balance the competing claims of injury and must consider the effect on each party of the granting or withholding of the requested relief." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008) (internal quotation marks and citation omitted). Plaintiffs have demonstrated an infringement of their First Amendment freedoms if the terms "slanderous" and "impertinent" are enforced against them, while Defendant faces no cognizable harm. As discussed above, Plaintiffs regularly attend County meetings and modify their speech because they are unsure whether their speech falls under the terms "slanderous" and "impertinent." The threatened injury to Plaintiffs outweighs the harm to Defendants because allowing the County to enforce the Policy as to "slanderous" and "impertinent" speech will cause Plaintiffs to continue to self-censor their speech and expressive conduct.[13] So, the balance of hardships favors Plaintiffs.

**D. Public Interest**

The fourth and final factor, the public interest, favors Plaintiffs. "[I]njunctions protecting First Amendment freedoms are always in the public interest." *Opulent Life*, 697 F.3d at 298.

[13] Pls.' Br. Supp. Mot. Preliminary Injunction 24, ECF No. 8.

Finding nothing in the record that the public interest will be impaired, this factor also favors Plaintiffs.

## IV. SCOPE OF RELIEF

Having determined that Plaintiffs carried their burden of showing that a relief is warranted as to the terms "slanderous" and "impertinent" under the County's Decorum Rules, the Court must next decide how to provide relief. When granting an injunction, the Court is obligated to state "specifically" and "in reasonable detail . . . the act or acts restrained or required" under the injunction. FED. R. CIV. P. 65(d)(1)(b)–(c). Accordingly, the Court **RESTRAINS** the Tarrant County, its officers, agents, servants, employees, and attorneys, and all other persons in active concert or participation with any of them who receive actual notice of this Order by personal service or otherwise from: enforcing the County's Decorum Rules as to the terms "slanderous" and "impertinent." Nothing in this Order enjoins, stays, or otherwise affects any other provision of the County's Decorum Rules. This relief should alleviate Plaintiffs' injury without unnecessarily burdening Defendant.

## V. BOND

Federal Rule of Civil Procedure 65(c) provides that "[t]he court may issue a preliminary injunction . . . only if the movant gives security in an amount that the Court considers proper to pay the costs and damages sustained by any party found to have been wrongfully enjoined or restrained." FED. R. CIV. P. 65(c). The amount of security required "is a matter for the discretion of the trial court," and the Fifth Circuit has held district courts have discretion to "require no security at all." *Kaepa, Inc. v. Achilles Corp.*, 76 F.3d 624, 628 (5th Cir. 1996) (citing *Corrigan*

*Dispatch Co. v. Casa Guzman*, 569 F.2d 300, 303 (5th Cir. 1978)). Plaintiffs **SHALL** pay $100 as a surety bond or deposit $100 with the Clerk of Court within 14 days of the date of this Order.

## VI. CONCLUSION

Because Plaintiffs carried their burden on the relevant factors for the terms "slanderous" and "impertinent," the Court **GRANTS in part** Plaintiffs' Motion for Preliminary Injunction. ECF No. 7.

**SO ORDERED** this **19th day** of **November, 2026**.

Reed O'Connor
CHIEF UNITED STATES DISTRICT JUDGE